**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**JOHNNY JOHNSON,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 5:07-CV-454(MTT)**

**RIVERS SP WARDEN,**

**Respondent.**

**ORDER**

This matter is before the Court on the order of the United States Court of Appeals for the Eleventh Circuit remanding to this Court for the limited purpose of determining when Petitioner Johnny Johnson's affidavit in support of his motion for leave to appeal in forma pauperis was delivered to prison officials for forwarding to this Court. By order of this Court dated August 10, 2011, the parties were directed to submit any additional evidence regarding the question posed by the Eleventh Circuit by September 16, 2011. (Doc. 35). Only Johnson submitted evidence on the issue. (Docs. 36 and 38).

Johnson claims his motion for leave to appeal in forma pauperis, which may be construed as a notice of appeal, was timely filed by operation of the prison mailbox rule. The prison mailbox rule provides that a prisoner's notice of appeal is deemed filed when the prisoner "deliver[s] it to the prison authorities for forwarding to the court clerk," irrespective of whether or when it is received by the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). This rule is codified as Rule 4(c)(1) of the Federal Rules of Appellate Procedure:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Johnson claims he delivered his notice of appeal to prison authorities for mailing on February 11, 2011, and therefore his appeal of this Court's January 25, 2011, order was timely filed. (Doc. 36 at 7). In support of this claim, Johnson submitted, among other items, the following documents: a letter dated February 9, 2011, and stamped "Received Feb. 11, 2011, GSP Inmate Accounts," in which Johnson requests a copy of his inmate account (Doc. 36-1 at 10); a copy of an unfiled[1] notice of appeal dated February 11, 2011 (Doc. 36-1 at 12-13)[2]; a copy of an unfiled motion for leave to proceed in forma pauperis and the affidavit in support thereof dated February 11, 2011 (Doc. 36-1 at 14-21); a copy of an unfiled motion for issuance of certificate of appealability dated February 11, 2011 (Doc. 36-1 at 22-23); and a notarized affidavit in which Johnson declares under oath that he delivered his notice of appeal to prison authorities on February 11, 2011 (Doc. 36-1 at 32-34).

[1] The Court uses the term "unfiled" to differentiate between the documents filed with Johnson's original notice of appeal on March 17, 2011, and those that were filed only in response to the Court's order to submit additional evidence on the question posed by the Eleventh Circuit.

[2] This unfiled notice of appeal contains a certificate of service dated February 11, 2011, in which Johnson claims that he filed a copy of his motion to appeal in forma paupers with postage prepaid. However, that notice of appeal was not filed with Johnson's original documents on March 17, 2011, and as discussed *infra*, it does not meet the requirements of Fed. R. App. P. 4(c)(1).

Of all the documents Johnson filed, not one is a declaration under penalty of perjury in compliance with 28 U.S.C. § 1746 or a notarized statement containing the declaration required by Fed. R. App. P. 4(c)(1) that "first-class postage [was] prepaid" on the notice of appeal he alleges he delivered to prison authorities at GSP on February 11, 2011. Although it seems to be a minor detail, district and appellate courts interpreting Rule 4(c)(1) have made clear that the required statement regarding prepayment of postage is not a mere technicality. *Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006); *U.S. v. Westry*, 2008 WL 5214269 at *4 (S.D. Ala. Dec. 11, 2008). The mailbox rule "requires the declaration to state only two things; 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). "Respect for the text of Rule 4(c) means that … prisoners can use the opportunity it creates; respect for the text equally means that prisoners must use that opportunity in the way the rule specifies." *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007). Because Johnson has failed to strictly comply with the requirements of Rule 4(c)(1), he is not entitled to the presumption provided by the mailbox rule that his notice of appeal was delivered to prison authorities, and therefore deemed filed, on February 11, 2011.

Because the mailbox rule does not apply, the Court will consider "any and all relevant circumstances" in deciding when Johnson's notice of appeal was delivered to prison authorities for mailing. *Allen,* 471 F.3d at 1198.

Johnson's notice of appeal first appeared on this Court's docket on March 17, 2011. (Doc. 25). The documents filed that day include, for reasons unknown, three separate affidavits in support of his motion for leave to appeal in forma pauperis. Although the general rule is that the Court will assume the documents were delivered to prison authorities the day Johnson signed them, the confusion over when Johnson filed the documents arises because each of the three affidavits filed on March 17, 2011, contains a different date. The first affidavit is dated February 2011, with no specific day listed; the second affidavit is dated March 11, 2011; and the third affidavit is dated February 11, 2011. (Doc. 25). In addition to these three affidavits are a document dated February 11, 2011, certifying the balance in Johnson's inmate account; a copy of Johnson's inmate account dated March 9, 2011; and a letter dated March 8, 2011, in which Johnson acknowledges that he has not yet mailed the documents and that he may be late or out of time on his appeal. (Doc. 25-1). That letter is stamped "RECEIVED Mar. 9, 2011, GSP Inmate Accounts," therefore showing that prison officials received at least some of Johnson's documents on March 9, 2011. Thus, it appears that the earliest date that prison officials could have received Johnson's documents for forwarding to this Court was March 9, 2011.

However, as noted above, Johnson signed and dated several of the documents on March 11, 2011. (Doc. 25 at 4-5). Although Johnson remains steadfast that he mailed his notice of appeal on February 11, 2011, at no point does he explain his March 8 letter or the documents he signed and dated on March 11, 2011. Because Johnson had to sign and date those documents before delivering them to prison authorities for

mailing, the Court concludes that Johnson delivered the documents to prison officials for forwarding to this Court on March 11, 2011.

The Clerk shall promptly transmit this Order to the Eleventh Circuit Court of Appeals.

**SO ORDERED,** this 11th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT